UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THEODORE LOPEZ,<br>Petitioner,<br>v.<br>JANISE WALLACE, et al.,<br>Respondents. | Case No. 2:26-cv-3025-JDP (P)<br><br>ORDER |

Petitioner, a detainee in the Coalinga State Hospital, has filed this section 2254 action seeking federal habeas relief. The petition appears untimely. Out of an abundance of caution, I will grant petitioner an opportunity to amend his petition and explain why, if at all, this action should still proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a person in state

custody is subject to a one-year statute of limitations that runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This provision seems most applicable because petitioner is not challenging a final judgment insofar as he claims that state proceedings seeking to commit him under the Sexually Violent Predator Act ("SVPA") remain ongoing. ECF No. 1 at 5. The basis of his claim is that, under an earlier plea agreement, these proceedings cannot be brought against him at all.

This claim appears untimely. In a reasoned decision rejecting his habeas petition, the Sacramento County Superior Court found that the state brought SVPA commitment proceedings against petitioner in 2016, but he failed to file a habeas petition raising this claim until September 2025. *Id.* at 35. In finding the claim untimely, the superior court rejected petitioner's argument, that he raises again in this petition, that three of his attorneys had failed to raise the claim during the approximately nine-year period between the commencement of proceedings and the September 2025 petition. *Id.* The court noted that the relevant question was whether petitioner or his attorneys knew of the basis for the claim, and petitioner had not explained why he had not filed a habeas petition himself during that time. *Id.* This analysis appears sound and applies here. Petitioner knew of the basis of his claims in 2016 and, thus, under AEPDA, had one year from that time, plus any tolling, to file a federal habeas petition. Again, however, petitioner did not file a state habeas petition raising the claim until September 2025, when it was already untimely by federal standards.

I will give petitioner one opportunity to amend and explain why, if at all, this claim should still proceed. Within thirty days of this order's entry, petitioner may file an amended petition that addresses this issue.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form and with this order. If he files an amended complaint, he must use this form.

IT IS SO ORDERED.

Dated: September 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE