UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THEODORE LOPEZ,

Petitioner,

v.

JANISE WALLEN,

Respondent.

Case No. 2:26-cv-3025-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a detainee in Coalinga State Hospital, brings this action under section 2254. ECF No. 1. He argues that he has been consigned to civil detainment in violation of his plea agreement, which included an assurance that he would not be subject to such detainment or proceedings under the Sexually Violent Predator Act. His claims, however, are untimely, because his conviction occurred in 2006.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a person in state custody is subject to a one-year statute of limitations that runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This provision seems most applicable because petitioner is not challenging a final judgment insofar as he claims that state proceedings seeking to commit him under the Sexually Violent Predator Act ("SVPA") remain ongoing. ECF No. 1 at 5. The basis of his claim is that, under an earlier plea agreement, these proceedings cannot be brought against him at all.

As I found in my previous screening order, this claim is untimely. In a reasoned decision rejecting his habeas petition, the Sacramento County Superior Court found that the state brought SVPA commitment proceedings against petitioner in 2016, but he failed to file a habeas petition raising this claim until September 2025. *Id.* at 35. In his amended petition, petitioner offers three rationales for why his claims should be considered timely. First, he argues that the factual predicate of his claim could not have been discovered until 2025 when a jailhouse lawyer informed him of his right to file a pro se habeas petition. ECF No. 7 at 14. Ignorance of the law does not warrant equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Second, petitioner argues that tolling is warranted because he lacked law library access and his counsel declined to raise his claims. ECF No. 7 at 14. This is merely a repackaging of his legal ignorance argument. There is no need to access a law library to advance the basics of a claim, especially one as straightforwardly basic as the one petitioner now advances. And his ignorance of his ability to file a pro se habeas petition does not warrant equitable tolling. Finally, petitioner argues that he should pass through the actual innocence gateway articulated by *Schlup v. Delo*, 513 U.S. 298 (1995) because barring his claims would be a "fundamental miscarriage of justice." ECF No. 7 at 14. But the actual innocence gateway requires a showing of factual innocence, not legal insufficiency. *See Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003). Petitioner also cites to *McQuiggin v. Perkins*, 569 U.S. 383 (2013) for the proposition that he may overcome a

procedural bar by demonstrating a "fundamental miscarriage of justice." ECF No. 7 at 21. But the miscarriage of justice provision "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 394-95 (alterations in original). And there appears to be no miscarriage of justice here. As the state superior court noted in denying his petition, petitioner has wholly failed to demonstrate diligence in pursuing this claim: "[t]he allegations indicate that Petitioner and his attorneys knew about the claim for nearly a decade." ECF No. 1 at 35. It is not plausible that petitioner could not, at some time prior to September 8, 2026, have inquired and learned about his ability to file a pro se petition raising this claim.

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. Petitioner's request to correct respondent's name, ECF No. 5, is GRANTED and the Clerk of Court shall change the docket to reflect that "Janise Wallace" is appropriately "Janine Wallace."

Further, it is RECOMMENDED that:

1. The first amended petition for writ of habeas corpus, ECF No. 7, be DISMISSED as untimely.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 12, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE